UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUBEN JOSE LOPEZ GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-184 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director,TDCJ-CID[1] | § | |
| | § | |
| Respondent. | | |

## **OPINION AND ORDER DENYING MOTION TO TRANSFER VENUE**

Petitioner filed this habeas action on May 22, 2014, challenging the results of a disciplinary conviction imposed by officials at TDCJ-CID's Coffield Unit in Tennessee Colony, Texas (D.E. 1), which is located in Anderson County, Texas.  28 U.S.C. § 124(c)(1).  Service of process was ordered (D.E. 4), and pending is Respondent's motion to transfer venue to the Tyler Division of the Eastern District of Texas (D.E. 5).

In a habeas action, jurisdiction in a state with more than one judicial district is proper in the district of conviction or the district where Petitioner is incarcerated.  28 U.S.C. § 2241(d).  Petitioner was convicted in Hidalgo County, which is located in the McAllen Division of the Southern District of Texas, 28 U.S.C. § 124(b)(7), and he is now and was at the time of filing of this petition, incarcerated in Bee County, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. §124(b)(6).

---

[1] William Stephens is the Petitioner's custodian and the appropriate respondent in this case.  Rule 2(a), Rules Governing Section 2254 Cases.  The Clerk shall substitute William Stephens as the respondent and terminate all other named respondents.  FED. R. CIV. P. 17(d).

TDCJ-CID is not a state court, and the Eastern District of Texas lacks jurisdiction to hear the petition. *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Accordingly, the motion to transfer venue (D.E. 5) is DENIED. Respondent's responsive pleading shall be filed on or before **July 14, 2014.**

ORDERED this 13th day of June, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE